# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:19-cv-355-MOC-DCK

| | |
|---|---|
| MICHAEL JAMES GOSNELL, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| RALPH CHARLES LOOMIS, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on the following motions: (1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2); (2) Defendant's Motion to Dismiss (Doc. No. 6); and (3) Defendant's Motion for Sanctions, (Doc. No. 5).

### I. BACKGROUND

On December 20, 2019, pro se Plaintiff Robert Gosnell filed this action against Dr. Ralph Charles Loomis, a neurosurgeon. In his complaint, Plaintiff attempts to assert claims for medical malpractice and assault against Defendant, who, according to Plaintiff's complaint, apparently last encountered Plaintiff in 1997. Since that time, according to the complaint, Defendant has allegedly assaulted Plaintiff by refusing to perform additional spine surgery on Plaintiff.

On January 10, 2020, Defendant filed the pending motion to dismiss under Rules 8(a)(2), 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 3). Furthermore, Defendant filed the pending motion for sanctions on January 10, 2020. On January 13, 2020, the Court ordered Plaintiff to respond to the motion to dismiss within fourteen days. (Doc. No. 7). Plaintiff filed responses on January 24 and 27, 2020. (Doc. Nos. 8, 9). This Court held a hearing on the motion to dismiss and on Defendant's motion for

1

sanctions on March 9, 2020. Therefore, this matter is ripe for disposition.

The Court first addresses Plaintiff's motion to proceed in forma pauperis. In support, the Court has considered Plaintiff's affidavit, which shows that Plaintiff received $1180 in monthly income during the past twelve months, and he expects to receive the same amount next month. (Doc. No. 2 at 2). Plaintiff states that he has at least $275 in cash and $86 in a savings account. (Id.). Plaintiff reports around $960 in monthly expenses. (Id. at 4-5). In explaining why he cannot pay the costs of these proceedings, Plaintiff states that he is more than $4000 in debt, not including medical bills. (Id. at 5). The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee. Therefore, Plaintiff's motion will be granted.

## II. DISCUSSION

### A. Defendant's Motion to Dismiss

The Court grants Defendant's motion to dismiss for the reasons articulated in Defendant's brief. First, the Court lacks subject matter jurisdiction over Plaintiff's claim. Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). Jurisdiction is proper in federal court under either "federal question" jurisdiction, as set forth in 28 U.S.C. § 1331, or under "diversity jurisdiction," as set forth in 28 U.S.C. § 1332. Federal question jurisdiction exists over all civil actions that "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a case "arises under the Constitution, laws, or treaties of the United States," this Court applies the well-pleaded complaint rule, "which holds that courts 'ordinarily ... look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331.'" Pinney v. Nokia,

2

Inc., 402 F.3d 430, 442 (4th Cir. 2005) (quoting Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996)). Next, under "diversity jurisdiction," as set forth in 28 U.S.C. § 1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1).

Here, Under Section II in the printed form COMPLAINT FOR A CIVIL CASE for pro se plaintiffs, Plaintiff asserts federal question as the basis for the Court's jurisdiction. In response to the direction, "A. If the Basis for Jurisdiction Is a Federal Question, List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote: "Thou shall not kill." "Thou shall not kill" is simply not a basis for federal question jurisdiction. Thus, federal question jurisdiction does not exist in this case. Furthermore, there does not appear to be diversity of citizenship among the parties, as both parties appear to be North Carolina residents. Thus, Plaintiff has not established that this Court has jurisdiction under either 28 U.S.C. § 1331 or § 1332.

In any event, the Complaint is alternatively subject to dismissal under Rule 12(b)(6) for failure to state a claim. To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). And "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. Id.

While pleading rules are designed to require only a "short and plain statement of the

claim showing the pleader is entitled to relief," a plausible claim still must be presented. Twombly, 550 U.S. at 555. There must be allegations that, if true, would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 556. Here, the allegations that Plaintiff needs spine surgery and that Defendant Dr. Loomis is refusing to operate on him do not state a claim for which relief may be granted. Further, Plaintiff's request for injunctive relief of a court-ordered spine surgery performed by Defendant is entirely without legal support. Thus, the Court dismisses this action for failure to state a claim for which relief may be granted.[1]

In sum, the Court will grant Defendant's motion to dismiss for the reasons stated herein.

**B. Defendant's Motion for Sanctions**

Next, as to Defendant's motion for sanctions, Rule 11 provides, in pertinent part, that when filing pleadings or motions with the court, an unrepresented party certifies that, to the best of that party's knowledge, the filing satisfies certain requirements, including that the filing is not made for an improper purpose "such as to harass," that the claims are warranted by existing law, and that factual contentions have evidentiary support. See Fed. R. Civ. P. 11(b). A party may move for sanctions when another party's conduct does not conform with Rule 11, and the court may impose a sanction "limited to what suffices to deter repetition of the conduct." Fed. R. Civ. P. 11(c)(4). Marshall v. Am. Broad. Cos., Inc., No. 5:18-CV-482-FL, 2019 WL 1904671, at *8 (E.D.N.C. Apr. 29, 2019).

In addition to the sanctions warranted by Rule 11, the All Writs Act, 28 U.S.C. § 1651(a)

---

[1] Defendant also notes that there is no record of a summons naming Defendant in this action having been issued or served.

(2000), grants federal courts the authority to limit access to the courts by vexatious and repetitive litigants. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Such a drastic remedy must be used sparingly, however, consistent with constitutional guarantees of due process of law and access to the courts. Id. (citing U.S. Const. amend. XIV, § 1). These rights are longstanding and of fundamental importance in our legal system. "'The due process clause requires that every man shall have the protection of his day in court.'" Id. (quoting Truax v. Corrigan, 257 U.S. 312, 332 (1921)). The Supreme Court has explained that the particular constitutional protection afforded by access to the courts is "'the right conservative of all other rights, and lies at the foundation of orderly government.'" Id. (Chambers v. Baltimore & Ohio R.R. Co., 207 U.S. 142, 148 (1907)). Thus, a judge should not in any way limit a litigant's access to the courts absent "'exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions.'" Id. at 817-18 (quoting Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)). Indeed, "'use of such measures against a pro se plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" Id. at 818 (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. Id. (citing cases). Such injunctions should be narrowly tailored to achieve the objective. Id.

In support of sanctions, Defendant asserts that, throughout the years, Plaintiff has filed vexatious and harassing lawsuits against Defendant and other healthcare providers, and that he has otherwise harassed Defendant in other ways. Specifically, Defendant alleges that, since 1996, Plaintiff's pro se court filings against or attempts to subpoena Defendant to force him to appear, include the following:

(1) Plaintiff filed a medical malpractice action against Defendant in Buncombe County in February 2001, and the action was dismissed in August 2001. <u>Gosnnell v. Loomis</u>, 01CVS000889 (Buncombe County)

(2) Plaintiff filed a medical malpractice action against Defendant in Buncombe County in July 2004, and the action was dismissed in August 2004. <u>Gosnnell v. Ralph Loomis & Mountain Neurologic</u>, 04CVS003120 (Buncombe County)

(3) Plaintiff filed a medical malpractice action against Defendant in Madison County in March 2005, and the action was dismissed in April 2005. <u>Gosnell v. Ralph Loomis</u>, 05CVS000079. The state court imposed sanctions against Plaintiff in February 2006.

(4) Plaintiff filed a medical malpractice against Defendant in Madison County in April 2006, and the action was dismissed in September 2006. <u>Gosnell v. Ralph</u> Loomis, 06CVS00137 (Madison County)

(5) Plaintiff filed a medical malpractice action against Southeastern Sports Medicine in Buncombe County in 2015. Defendant was subpoenaed to appear and filed a notice of objection and motion to quash. <u>Gosnell v. Southeastern Sports Medicine</u>, 14CVD3870 (Buncombe County)

(6) In 2016, Plaintiff was convicted of second-degree trespass in Buncombe County against Defendant's employer. <u>State v. Gosnell</u>,15CR713780 (Buncombe County)

(7) In 2016, after Plaintiff received a traffic citation in Buncombe County for failure to reduce speed, he filed several subpoenas, seeking Defendant's appearance in the matter. 16IF701137 (Buncombe County)

(8) In 2017, Carolina Spine obtained a no-contact order against Plaintiff under North Carolina's Workplace Violence Prevention Act. <u>Carolina Spine v. Michael Gosnell</u>, 17CVD3655 (Buncombe County). In support of the no-contact order, an affidavit described death threats made by Plaintiff against Defendant.

(9) In 2018, in the District of Columbia, Plaintiff filed an action against Defendant,

6

demanding medical treatment. The action was dismissed. <u>Gosnell v. Loomis</u>, 2018CV001358B (Dist. of Columbia). Plaintiff also filed a motion for restraining order, seeking an order from the Court to restrain Defendant to not harass, bring harm and/or kill anyone, and the court denied the order.

(10) In an action in Buncombe County, North Carolina, in which Plaintiff received a traffic violation for driving with a revoked driver's license, Plaintiff issued a subpoena for Defendant to appear in April 2019, which was a violation of the no-contact order Defendant had obtained against Plaintiff. <u>State of NC v. Michael James Gosnell</u>, 19CR700220 (Buncombe County)

(11) In an action in Haywood County, North Carolina, in which Plaintiff received a traffic violation for driving with a revoked driver's license, Plaintiff issued a subpoena for Defendant to appear in August 2019, which was a violation of the no-contact order Defendant had obtained against Plaintiff. <u>State v. Michael James Gosnell</u>, 19CR700866 (Haywood County)

(12) In an action in Haywood County, North Carolina, in which Plaintiff received a traffic violation for driving with a revoked driver's license, Plaintiff issued a subpoena for Defendant to appear in that matter in November 2019. <u>State v. Gosnell</u>, 19CR000430 (Haywood County)

(Doc. No. 6-1). Defendant asserts, and Defendant's attached exhibits demonstrate, that Plaintiff has been a party in numerous frivolous lawsuits, often against doctors, particularly Defendant. Finally, in support of sanctions, Defendant asserts that Plaintiff's

> threats, harassing lawsuits, and tendency to stalk and enter Defendant's medical offices have resulted in substantial fear of safety in the Defendant and his family members. While Plaintiff apparently possesses at least the minimal competence to fill out forms to have instigated so many lawsuits, the incoherence of his filings in this and other cases illustrates Plaintiff's instability and disconnect from reality which further increases the risk Plaintiff poses to Defendant and his family. The current filing is without legal or factual support and is an often-incoherent rambling of a man who, in the greater context of the history of this saga is exhibiting a need for—at minimum—supervision. Based upon the totality of the circumstances, as illustrated by the foregoing filings and proceedings, Plaintiff's complaint in this matter is not well-grounded in law or in fact and is intended to harass Defendant, causing unnecessary time and expense in responding to Plaintiff's allegations and a needless increase in the cost of litigation. Plaintiff's frivolous filings have been a strain on state Courts, and now Plaintiff has deemed it time to jump to the federal courts. While this issue is ripe for ruling, this Court should exercise its inherent powers to defend the administration of justice against such abuse.

(Doc. No. 5 at 4).

This Court has carefully reviewed the attached exhibits, and the Court finds that, in addition to the fact that Plaintiff did not comply with Rule 11 in filing this action, Plaintiff has also demonstrated a pattern of filing harassing and vexatious litigation, against both Defendant and others. **Thus, the Court will grant Defendant's motion for sanctions to the extent that the Court will enter a prefiling injunction against Plaintiff in this Court. Before filing any further litigation in this Court against Defendant, Plaintiff must first seek written permission from this Court to do so. Furthermore, Plaintiff is hereby warned that if he fails to comply with this pre-filing injunction, he may be held in contempt of court, and he may be required to pay monetary sanctions.**

### IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed. Furthermore, the Court grants Defendant's motion for sanctions in accordance with the terms of this order.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 2), is **GRANTED**;

(2) Defendant's Motion to Dismiss, (Doc. No. 3), is **GRANTED**, and this matter is dismissed with prejudice.

(3) Defendant's Motion for Sanctions, (Doc. No. 5), is **GRANTED** in accordance with the terms of this Order.

(4) The Clerk is directed to terminate this action.

Signed: March 24, 2020



Max O. Cogburn Jr
United States District Judge